IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| RUBEN FRANCHINI AND ROSA M. ESPARZA, | ) CASE NO. 13 B 19382 |
| | ) |
| DEBTORS. | ) HONORABLE JUDGE THORNE |

### NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

   PLEASE TAKE NOTICE that on the 13th day of January, 2016 at 9:30 A.M. or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Judge Thorne in Courtroom 613 at the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE, a copy of which is attached hereto, at which time you may appear if you so desire.

                              BY  /S/CHRIS D. ROUSKEY
                                  CHRIS D. ROUSKEY
                                  ROUSKEY AND BALDACCI
                                  151 SPRINGFIELD AVENUE
                                  JOLIET, ILLINOIS 60435
                                       815-741-2118
                              IL REGISTRATION NO. 03123595

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )SS. |
| COUNTY OF WILL | ) |

### CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of the foregoing pleadings were served upon the above parties by electronic filing through CM/ECF and by enclosing the same in an envelope addressed to such parties at their addresses as disclosed by the pleadings of record on the 14th day of December, 2015 and mailing said envelope by U.S. Mail at Joliet, Illinois with proper postage fully paid.

                                 /S/CHRIS D. ROUSKEY
                                  CHRIS D. ROUSKEY
                                  ROUSKEY AND BALDACCI
                                  151 SPRINGFIELD AVENUE
                                  JOLIET, ILLINOIS 60435
                                       815-741-2118
                              IL REGISTRATION NO. 03123595

## SERVICE LIST

Mr. Jeffrey Snell
UNITED STATES TRUSTEE
219 S. Dearborn St., #873
Chicago, IL 60604

MONTY TITLING TRUST 1
C/O Attorney Judson Todhunter
200 S. Michigan Avenue, #1100
Chicago, IL 60604

JP MORGAN CHASE BANK
C/O Attorney Graham Ogilvy
Post Office Box 740
Decatur, IL 62525

FIFTH THIRD BANK
C/O Attorney Terri M. Long
1 N. Dearborn St., #1300
Chicago, IL 60602

AMERICAN EXPRESS BANK
C/O Becket and Lee
Post Office Box 3001
Malvern, PA 19355

DEUTSCHE BANK TRUST COMPANY
C/O Attorney Andrew Nelson
1 N. Dearborn St., #1300
Chicago, IL 60602

CITIMORTGAGE, INC.
C/O Attorney Peter Bastianen
15W030 N. Frontage Road, #100
Burr Ridge, IL 60527

US BANK
Bankruptcy Department
Post Office Box 5229
Cincinnati, OH 45201

JP MORGAN CHASE BANK
C/O Attorney Jill Luetkenhaus
2121 Waukegan Road
Bannockburn, IL 60015

DEUTSCHE BANK TRUST COMPANY
C/O Attorney Toni Dillon
1 N. Dearborn St., #1300
Chicago, IL 60602

AMERICAN EXPRESS BANK
C/O Zwicker & Associates
7366 N. Lincoln Ave., #102
Lincolnwood, IL 60712

CHASE BANK
Post Office Box 15298
Wilmington, DE 19850

CITI CARDS
Processing Center
Des Moines, IA 50363

CITIBANK
C/O BLATT, HASSENMILLER
125 S. Wacker Drive, #400
Chicago, IL 60606

GE CAPITAL RETAIL BANK
C/O MEYER & NJUS
29 S. LaSalle Street, #635
Chicago, IL 60603

HOME DEPOT CREDIT SERVICES
Dept. 32-2137978601
Post Office Box 183175
Columbus, OH 43218

HSBC BUSINESS SOLUTIONS
Post Office Box 17698
Baltimore, MD 21297

SALLIE MAE PRIVATE CREDIT
C/O Sallie Mae, Inc.
220 Lasley Avenue
Wilkes-Barre, PA 18706

SEARS MASTERCARD
Post Office Box 183082
Columbus, OH 43218

FIFTH THIRD BANK
9441 LBJ Freeway, #350
Dallas, TX 75243

WILL COUNTY TREASURER
302 N. Chicago Street
Joliet, IL 60432

```
TOYOTA MOTOR CREDIT CORP.
Post Office Box 8026
Cedar Rapids, IL 52408

WAL-MART DISCOVER CARD
Post Office Box 960024
Orlando, FL 32896

LILIA GARCIA
607 Herkimer Street
Joliet, IL 60433

BMO HARRIS BANK
Post Office Box 5038
Rolling Meadows, IL 60008
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| RUBEN FRANCHINI AND ROSA M. ESPARZA, | ) | CASE NO. 13 B 19382 |
| | ) | |
| DEBTOR. | ) | HONORABLE JUDGE THORNE |

### DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME THE DEBTORS, RUBEN FRANCHINI AND ROSA M. ESPARZA, hereinafter referred to as "DEBTORS", by and through their Attorneys, ROUSKEY AND BALDACCI by CHRIS D. ROUSKEY, and in support of their Motion for Entry of a Final Decree states to this Honorable Court as follows:

### JURISDICTION AND VENUE

1. That this Honorable Court has jurisdiction over this Motion pursuant to 28 U.S.C. 157 and 1334. That this matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2). That venue for this Motion is proper pursuant to 28 U.S.C. 1408 and 1409.

2. That the statutory predicates for the relief requested herein are Section 350(a) of the United States Bankruptcy Code ("Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 3022 ("Bankruptcy Rules").

### BACKGROUND

3. That on May 7, 2013 ("Petition Date"), the Debtors filed a voluntary Petition for Relief under Chapter 11 of the Bank-

-1-

ruptcy Code. That no Trustee, examiner, or creditor's committee was appointed in this case.

4. That on May 30, 2014, the Debtors filed their Second Amended Plan of Reorganization ("Second Amended Plan"); that on July 18, 2014, this Honorable Court entered an Order confirming the Debtor's Second Amended Plan of Reorganization; and that the Effective Date of Confirmation was July 18, 2014.

5. That pursuant to the terms of the Debtors' Second Amended Plan, Class 1 Claims consist of the Allowed Priority Claims of the Will County Treasurer for past due real estate taxes for the taxable years 2011 and 2012. Pursuant to the terms of the Second Amended Plan, unpaid real estate taxes for the taxable year 2011 in the approximate amount of $10,700.00 were to be paid within 90 days of confirmation with interest allowed pursuant to Statute. Said taxes have been paid.

6. That pursuant to the terms of the Debtors' Second Amended Plan, Class 2 Claims consists of the Allowed Secured Claim of Monty Titling Trust 1, hereinafter referred to as "MONTY", in the approximate amount of $1,450,000.00. Pursuant to the terms of the Second Amended Plan, the Debtors are to continue making monthly payments to Monty for a period of 30 months following confirmation. Said payments shall be towards three separate Notes held by Monty at interest rates of 5% for the first ten months, 6-1/2% for the second ten months, and 7% for the final ten months. Payments on each Note are to be paid as follows:

A. Payments due under Note No. 1, dated August 1, 2005 in the original principal amount of $1,000,000.00, will be $5,761.00 for the first ten months, $6,573.00 for the second ten months, and $6,848.49 for the final ten months, leaving a balloon payment of $893,305.03 due on the 31st month.

B. Payment due under Note No. 2, dated December 6, 2006 in the original principal amount of $335,000.00, will be $1,888.63 for the first ten months, $2,155.00 for the second ten months, and $2,245.12 for the final ten months, leaving a balloon payment of $292,849.47 due the 31st month.

C. Payment due under Note No. 3, dated July 20, 2008 in the original principal amount of $200,000.00, will be $1,235.63 for the first ten months, $1,409,90 for the second ten months, and $1,468.86 for the final ten months leaving a balloon payment of $191,595.41 due the 31st month.

Further, the Debtors are to maintain insurance on all of the collateral and pay real estate taxes promptly when the same become due. That as of the date of the filing of this Motion, the Debtors are current in all monthly payments due and owing Monty.

7. That pursuant to the terms of the Debtors' Second Amended Plan, Class 3 Claims consist of the Allowed Secured Claim of BMO Harris Bank, which claim is to be paid pursuant to the terms of its loan documents. That as of the date of the filing of this Motion, the Debtors are current in all monthly payments due and owing BMO Harris Bank.

8. That pursuant to the terms of the Debtors' Second Amended Plan, Class 4 Claims consist of the Allowed Secured Claim of JP Morgan Chase Bank. Pursuant to the terms of the Second Amended Plan, within 30 days after confirmation, if agreed to by the Bank, the Debtors were to execute a Deed in Lieu of Foreclo-

sure conveying all of their right, title and interest in the secured premises to the Bank in full satisfaction of their obligation to said Bank. Further, in the event the Bank chooses to proceed with a foreclosure proceeding in State Court, any deficiency balance arising from such foreclosure is to be treated as a general unsecured claim and paid as a Class 7 Claim.

9. That pursuant to the terms of the Debtors' Second Amended Plan, Class 5 Claims consist of the Allowed Secured Claim of Deutsche Bank. Pursuant to the terms of the Second Amended Plan, within 30 days after confirmation, if agreed to by the Bank, the Debtors were to execute a Deed in Lieu of Foreclosure conveying all of their right, title and interest in the secured premises to the Bank in full satisfaction of their obligation to said Bank. Further, in the event the Bank chooses to proceed with a foreclosure proceeding in State Court, any deficiency balance arising from such foreclosure is to be treated as a general unsecured claim and paid as a Class 7 Claim.

10. That pursuant to the terms of the Debtors' Second Amended Plan, Class 6 Claims consist of the Allowed Secured Claim of CitiMortgage. Pursuant to the terms of the Second Amended Plan, within 30 days after confirmation, if agreed to by the Bank, the Debtors were to execute a Deed in Lieu of Foreclosure conveying all of their right, title and interest in the secured premises to the Bank in full satisfaction of their obligation to said Bank. Further, in the event the Bank chooses to proceed with a foreclosure proceeding in State Court, any deficiency

balance arising from such foreclosure is to be treated as a general unsecured claim and paid as a Class 7 Claim.

11. That pursuant to the terms of the Debtors' Second Amended Plan, Class 7 Claims consist of the Unsecured General Claims, with said claims being paid in ten semi-annual installments on a graduated pro-rata basis commencing 180 days after confirmation. The first and second installments shall be in the amount of $4,000.00 each; the third and fourth installments shall be in the amount of $6,000.00 each; the fifth and sixth installments shall be in the amount of $8,000.00 each; the seventh and eighth installments shall be in the amount of $10,000.00 each; and the ninth and tenth installments shall be in the amount of $12,000.00 each. That as of the date of the filing of this Motion, the Debtors are current in all payments due and owing Class 7 Claimants.

12. That pursuant to the terms of the Debtors' Second Amended Plan, Class 8 Claims consist of the Allowed Claim of child support owed to Lilia Garcia by the Debtor, Ruben Franchini, for the parties' daughter who is currently seven years of age. Said obligation is to be paid in full pursuant to the terms of the current Court Order and to any subsequent amendments thereto. That as of the date of the filing of this Motion, the Debtor, Ruben Franchini, is current in all said child support payments.

## THE COURT SHOULD ENTER A FINAL DECREE
## CLOSING THE DEBTOR'S CASE

13. That Section 350(a) of the Bankruptcy Code provides in relevant part that "after an estate is fully administered and the Court has discharged the Trustee, the Court shall close the case".

14. That the following is a list of non-exclusive factors or events that Courts often consider when determining whether to close a Chapter 11 case:

    (A) Whether deposits required by the Plan have been distributed.

    (B) Whether all property proposed by the Plan to be transferred has been transferred.

    (C) Whether the Debtor or the Successor of the Debtor under the Plan has assumed the business or management of the property dealt with by the Plan.

    (D) Whether payments under the plan have commenced.

    (E) Whether the Order confirming the Plan has become final.

    (F) Whether all Motions, contested matters, and adversary proceedings have been finally resolved.

15. That as of the date of the filing of this Motion, all deposits required by the Debtors' Second Amended Plan have been distributed; all payments under the Second Amended Plan have commenced and are current; the Order confirming the Second Amended Plan has become final; and there are no Motions, other than this Motion, contested matters, and/or adversary proceedings presently pending before this Honorable Court.

16. That it is unnecessary to burden this Honorable Court's docket or to require the Debtors to pay additional administration

-6-

fees until July 18, 2019, the date when all payments required to be paid pursuant to the Debtors' Second Amended Plan have been paid in full. Therefore, it is appropriate for this Honorable Court to enter a Final Decree closing this case.

WHEREFORE, the Debtors, RUBEN FRANCHINI and ROSA M. ESPARZA, respectfully request that this Honorable Court enter an Order as follows:

A. Entering a Final Decree closing this Chapter 11 case.

B. Granting such other relief as is necessary and proper.

> Respectfully Submitted,
>
> **RUBEN FRANCHINI AND ROSA M. ESPARZA**, Debtors
>
> BY_____/S/_____
> **CHRIS D. ROUSKEY**, Their Attorney

CHRIS D. ROUSKEY
ROUSKEY AND BALDACCI
151 SPRINGFIELD AVENUE
JOLIET, ILLINOIS 60435
815-741-2118
IL REGISTRATION NO. 03123595

-7-